```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/4/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DeWAYNE RICHARDSON,

                Plaintiff,

-against-

RUFIAN ARSHAD, ADA PEREZ MICHAEL;
NEW YORK CITY; THE STATE OF NEW
YORK,

                Defendants.

1:20-CV-5068 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

    Plaintiff, currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* action in which he alleges that the defendants violated his federal constitutional rights.[1] Plaintiff sues Police Officer Rufian Arshad, Assistant District Attorney Michael Perez, the City of New York, and the State of New York. He seeks damages, and asks this Court to order his release and issue an order of protection against the defendants. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. The Court also construes the complaint as asserting claims for federal *habeas corpus* relief.

    By order dated July 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court dismisses Plaintiff's claims against the State of New York and Defendant Perez. The Court also dismisses Plaintiff's claims for *habeas corpus* relief without prejudice. The Court directs service on Defendant Arshad and the City of New York.

---

    [1] Plaintiff alleges that he is held as a pretrial detainee.

    [2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## DISCUSSION

### A. State of New York

Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, the Court dismisses Plaintiff' claims under § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity.

### B. Defendant Perez

The Court must also dismiss Plaintiff's claims under § 1983 for damages against Defendant Perez, an Assistant District Attorney. Prosecutors are immune from civil suit for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims against Defendant Perez arise from Perez's prosecution of him. The Court therefore dismisses Plaintiff's claims for damages against Defendant Perez under the doctrine of prosecutorial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

C.  ***Habeas corpus* relief**

The Court construes Plaintiff's claims for release from his confinement as claims for federal *habeas corpus* relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For a state pretrial detainee, the appropriate vehicle for such relief is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

A petitioner must first exhaust available state-court remedies before seeking § 2241 *habeas corpus* relief in the federal courts. *See United States ex rel. Scranton v. New York*, 532

F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Plaintiff has failed to allege any facts showing that he has exhausted his available state-court remedies before seeking *habeas corpus* relief in this Court. Accordingly, the Court dismisses Plaintiff's claims for *habeas corpus* relief without prejudice.[3]

### D.      Service on Defendant Arshad and the City of New York

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendant Arshad and the City of New York until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore

---

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

extends the time to serve those defendants until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on Defendant Arshad and the City of New York within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Arshad and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the State of New York and Defendant Perez.

The Court construes Plaintiff's claims for his release from custody as claims for federal *habeas corpus* relief and dismisses those claims without prejudice.

The Court also directs the Clerk of Court to (1) issue summonses for Defendant Arshad and the City of New York, (2) complete USM-285 forms with the service addresses for those

defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

Because Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 4, 2020
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Rufian Arshad, Police Officer, Shield No. 20210
   30th Precinct
   451 West 151st Street
   New York, New York 10031

2. City of New York
   Law Department
   100 Church Street
   New York, New York 10007