UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2020 AUG 20  PM 2: 39

DEWAYNE RICHARDSON

Write the full name of each plaintiff.

No. 20 CV 05068
(To be filled out by Clerk's Office)

-against-

RUFIAN ARSHAD, A.D.A Perez
Michael, New York City, The
State of New York

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☑ Other:   *Police brutally, officer misconduct, Prosecutin misconduct*

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

*Dewayne*                                    *Richardson*
First Name              Middle Initial        Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

*349-19-01861*
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

*G.R.VC*
Current Place of Detention

*09-09 Hazen St East Elmhurst*
Institutional Address

*~~Nect~~ Bronx*                  *N.Y.*               *11370*
County, City              State              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other:

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

**Defendant 1:**

Michael _____ Perez _____ 20210
First Name         Last Name         Shield #

Police officer
Current Job Title (or other identifying information)

N.Y.C Police Department Headquarter 1 Police Plaza
Current Work Address

N.Y. _____ N.Y. _____ 10038
County, City         State         Zip Code

**Defendant 2:**

Michael _____ Perez _____
First Name         Last Name         Shield #

Assistant District Attorney
Current Job Title (or other identifying information)

80 centre st
Current Work Address

New York _____ N.Y. _____ 10013
County, City         State         Zip Code

**Defendant 3:**

Andrew _____ Cuomo _____ Governor
First Name         Last Name         Shield #

Governor of New York State
Current Job Title (or other identifying information)

State Capitol The Executive Chamber's
Current Work Address

Capital Building Albany N.Y. 12224
County, City         State         Zip Code

**Defendant 4:**

_____ _____ _____
First Name         Last Name         Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____ _____ _____
County, City         State         Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: across from 512 W 136st Court part F

Date(s) of occurrence: 3/23/19,  3/28/19

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Ce- Attach

Plaintiff was born in the Bronx, and raised in The New York area Plaintiff mother Gearldine Smith reside's at 1470 Amsterdam Ave N.Y. N.Y. 10027, on 3/23/19, Plaintiff was stop by officer, Rufian Arshad. When Plaintiff try'd to walk around officer Arshad, Plaintiff was Pushed, and grabed by officer Arshad, so Plaintiff Pushed back because officer Arshad never stated why he was Stoping Plaintiff, which violate's the Right to Know Act, Plaintiff was punched in the head twice by officer Arshad, and was seen at Bellview hospital, for head injurys, Plaintiff was then wrongfully charged with Robbery in the 1st. the fact for this charge state, that Plaintiff walked inside of A Duane Reade located at 3387 Broadway west 138st west 137st Plaintiff is said to have dwalk in displayed A Knife and then started placing Items of Store merchandise in A red macys bag, no one told officer Arshad that Plaintiff Robbed them but officer arshad charged Plaintiff with robbery anyway. Defendant Arshad also work's for the Same Precinct that Plaintiff already have claim, against in the Southern district. The 30th Precinct, against two Detective's and A Sergeant, Plaintiff 14th Amendment was violated by the defendent Arshad because Plaintiff was not meranda-Rized, when placed under Arrest

The defendant that Plaintiff already has A claim against claim#17-CV-8622 (PAE)(RWL) are apart of the Robbery division, At the 30th Precinct, Plaintiff dose not believe in such A coincidence it is harrassment by this Precinct and the city's District Attorneys office because Judge Kiesel D, found that defendent michael perez, from the District Attorney office was Guilty of Prosecution misconduct, when she dismissed the inditment, what the Judge failed, to do, was dismiss it with prejudice, but the Judge had no idea that I had A pending case against the city. And my Attorney fail to bring it to the Judge's Attention, Plaintiff plan's to. Plaintiff, feel that the defendant michael perez Know's that officer, defendant Arshad perjured himself At plaintiff, grand Jury, also did witness Lewis Raman casilla, who is the only wittness to testify that I pulled, A Knife, on them, but when defendant michael perez, asked him for a description, of the blade of the Knife, the wittness then stated he never saw the blade. Plantiff question is if the wittness, who clairly state that Plaintiff Pulled the Knife? on them, but did not see the blade, how did he Know it was A Knife? Plaintiff Know's the Answer, there is no video of Plaintiff ever Pulling A Knife, so the defedants wittness committed perjury. As well as defendant Arshad,

who clearly Stated at Plaintiff grand Jury, The Plaintiff was not placed in custody, until A positive I.D. was made, why Defendant Michael Perez could not tell that Plaintiff was in custody before, A positive I.D. was made when you can clearly see it in the body cam video, it could be retaliation for Plaintiff, previous civil suit against the state of New York People v fischer, dealing with New York state prison S.H.U. where Plaintiff was represented by the New York civil liberty union, which is why Defendant's is willing to turn A blined eye, to the fact that defendant Arshad, and wittness Lewis Ramon Casilla, PerJury while under oath, at Plaintiff grand Jury, Ce-Exhibit A pg1d of the grand Jury minute's, were defendant wittness casilla lines 1-5, were wittness State's I pulled the knife. Plaintiff, showed us the knife. Ce-Exhibit-B, pg17 When defendant asked, wittness casilla, how long was the blade, line#2, on line#5-7, of the grand Jury minute's the wittness clearly State's I thought it was one of those folding knives so what I saw was the bottom, so the only way he would know that Plaintiff had A knife is if Defendant Arshad told him, and with coercion had the wittness make A false statement.

Officer Marcinek Body-cam, show Plaintiff in custody before I.D. was made, officer Altaro body cam show's that after, the I.D. Plaintiff was not mirandarized, which violate the miranda rule. Plaintiff would like to Site NAPUE V. ILLINOS- 360 U.S. 264, 79 S.Ct. 1173 (1959) Because Defendant is Awere of there wittness Perjury, Ce-Exhibit-B pg17, when witness Casilla stated he only saw the bottom part, Also see Exhibit-C pg:27 of Plaintiff Grand Jury minute's, were Defendant Arshad, stated he waited for the victim to come to the scene for an I.D., which is false because there is No victim, No one Ever told Defendant that Plaintiff robbed them. Ce-Exhibit-D, Arrest Report, By Defendant Arshad who stated in his report that Plaintiff had a firearm, and that Plaintiff walk inside of a Commercial Establishment and pulled out A Knife, that is not what the video show's, Nothing like that, Ce-Exhibit-E, The Decision and order of Judge DIANE KIESEL J., Plaintiff would like A Auto Protection taken out on the Defendant to prevent the harrassment, and retaleation. Plaintiff brings these claim against the Defendants in there Corporate, and Personal Conpassity. Plaintiff is Attaching A sign HIPAA form for the medical records from that date, 3/23/19.

Plaintiff would Also like to Add, Gov
Cuomo, As A defendant, Defendant placed
Plaintiff, life in danger when Defendant Suspended
30-30 Speedy trial time, Defendant, Played
Judge, and Jury, by Doing So, There for sentencing
Clointiff to Death by covid-19, and Also violating
Plaintiff @ Sixth Amendment, by Suspending 30-30
Speedy trial time, With all that's going on this
is the biggest case of Social inJustice Knowing that
the virous was spreading 77% faster in prisons,
then on the free World.

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

| Patient Name | Date of Birth | Medical Record Number |
|---|---|---|
| Dewayne Richardson | 12/2/72 | |

Patient Address
09-09 Hazen St East Elmhurst N.Y. 11370

I, or my authorized representative, request that health information regarding my care and treatment as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol, or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
☑ Medical Record form (insert date) 3/23/19 to (insert date) 3/23/21
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other: _____

_____     Include: (Indicate by Initialing)
_____     _____ **Alcohol/Drug Treatment**
                 _____ **Mental Health Information**
                 _____ **HIV-Related Information**
                 _____ **Genetic Testing**

**Authorization to Discuss Health Information**
(b). ☑ By initialing here DR I authorize Bellview Hospital
     Initials        Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
Attorney General office
      (Attorney/Firm or Governmental Agency Name)

| 10. Reason for release of information: <br> ☑ At request of individual <br> ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All Items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

D. Richardson         Date: 5/26/20
Signature of Patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

EXHibit - A

Solis/Casilla

12

1          A.     That's when he told us oh, not to

2   do it.  And he was walking on over on the -- on

3   aisle one, and he showed us the knife.  He

4   showed us the knife like oh, like if we stop

5   him, he had it there for us.

6          Q.     How far were you away from the

7   person with the dark coat and the red sneakers

8   when he took out the knife?

9          A.     Like a meter, a meter and a half

10  away.

11         Q.     Was anything obstructing your view

12  of the knife?

13         A.     No.

14         Q.     Who else was near you when this man

15  took out the knife on you?

16         A.     It was just me because Christian,

17  he had moved to call the police.

18         Q.     And again, for the members of the

19  grand jury, when he took the knife out, what

20  did he say to you specifically?

21         A.     Oh, I have this here for you all.

22         Q.     What hand did the person with the

23  red sneakers and the black jacket have the

24  knife in?

25         A.     The left.

Exhibit - B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

(CONFERRING)

Q.     Mr. Casilla, if you remember, approximately how long was the blade?  The grand juror would like to know.

A.     No.  Because I saw it, I thought it was one of those folding knives, so I -- what I saw was the bottom part, so --

Q.     And again, the color of the bottom part was red; is that correct?

A.     Yes.

MR. PEREZ:  Any other members of the grand jury have any questions?  I see no hands.  Thank you very much.

THE WITNESS:  Can I go?

MR. PEREZ:  Yes.

(WITNESS EXCUSED)

MR. PEREZ:  I'm now going to bring Chris in here.

TG

ExHibit-C

1       description opposite 512 West 136th.  At the
2       initial stop he did resist.  He flailed his
3       arms and legs.
4               Q.      What happened next?
5               A.      We waited for the victim to come to
6       the scene for an ID.
7               Q.      What if any property was recovered
8       from the defendant?
9               A.      Two knives and a bag, the red
10      Macy's bag with shampoo and conditioner.
11              Q.      I'm showing you what I am marking
12      as Grand Jury Exhibits 2 and 3 for
13      identification.  Do you recognize those items?
14              A.      I do, yes.
15              Q.      What do you recognize those items
16      to be?
17              A.      The two knives that were recovered
18      from the defendant and the red Macy's bag that
19      was on his person.
20              Q.      And did you yourself recover the
21      knives or did someone else recover the knives?
22              A.      No, my partner did.
23              Q.      Did you have an opportunity to
24      observe your partner recover those knives?
25              A.      I did.  I was next to him.

TG

Exhibit - D



## RICHARDSON, DEWAYNE

### Arrest Info *pre-screening*

| | |
|---|---|
| Arrest # | M19613294 |
| Date | 3/23/2019 |
| Time | 08:26 |
| Category | F |
| Case Type | Online Telephone |

| | |
|---|---|
| Ecab # | 3023850 |
| NYSID | 07324739Y |

DAT
Return
Date

### Arresting Officer *pre-screening*

| | |
|---|---|
| Name | POM ARSHAD , RUFIAN |
| Command | 30th Precinct 6908808 |
| Shield | 20210 |
| Contact # | |
| Contact # | |

| | |
|---|---|
| Arrest Precinct | 030 |
| Tax # | |

**Occurrence Location**  3387 BROADWAY WEST 138 STREET WEST 137 STREET MANHATTAN NY 10031

**Arrest Narrative**  AT T/P/O PERP DID ENTER LISTED COMMERCIAL ESTABLISHMENT AND DISPLAYED A KNIFE AT AN EMPLOYEE STATING "DONT COME NEXT TO ME OR ELSE ILL POKE YOU". PERP THEN PLACED LISTED ITEMS WITH A TOTAL VALUE OF 94.34 USC IN A RED PLASTIC BAG AND FLED LOCATION. CANVASSED WITH POSITIVE RESULTS, UPON BEING STOPPED BY PD, PERP FLAILED ARMS AND LEGS AND REFUSED TO BE PLACED INTO HANDCUFFS. SHOW UP CONDUCTED ON SCENE WITH POSITIVE RESULTS. SILA, ALLEGED CRACK/COCAINE AND CRACK PIPE. LOST AND STOLEN REPORT COMPLETED. SGT ON SCENE.

**Arrest Charges**

| Charge | Count | Cat | Cl |
|---|---|---|---|
| PL 1601503 | 0001 | F | B |
| PL 2053000 | 0001 | M | A |
| PL 2650101 | 0001 | M | A |
| PL 1654000 | 0001 | M | A |
| PL 2200300 | 0001 | M | A |

**ECAB Supervisor Name**  TB:

**Notes**

**D Rated ?**

**Possible Elevated Charges (Bump-Up)**  Upgradeable Charge - Requires Rapsheet - PL 2650101

**Pre-Written Bail Application**  None Available

**Arrest Alerts**  Weapons Alert Arrest Alert Case

**Other Cases at DANY**  Defendant has Other Cases

**Outstanding Corrob Cases for AO**



## New York City Police Department
## Omniform System – Arrests

| **RECORD STATUS: NYSID ENTERED** | **Arrest ID: M19613294 - P** |
|---|---|
| **Arrest Location: OPPOSITE OF 512 WEST 136 STREET** | **Pct: 030** |

**Arrest Date: 03-23-2019**   Processing Type: **ON LINE**   Current Location of Perpetrator:

**Time: 08:26:00**   DCJS Fax Number: **MO009908**   Borough: **Manhattan**

Sector: **A**   Special Event Code: **NO -**   Type: **ALL PD LOCATIONS**

Strip Search Conducted: **NO**   DAT Number: **0**   Location: **030 PRECINCT**

Viper Initiated Arrest: **NO**

Stop And Frisk: **NO**   Return Date: **0000-00-00**

Serial #: 0000-000-00000

---

**COMPLAINTS:**   Arrest #: **M19613294**

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2019-030-01013 | 2019-03-23 | Reserved # for Arrest | 2019-03-23 | 08:10 |

---

**CHARGES:**   Arrest #: **M19613294**

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 160.15 | F | B | 1 | ROBBERY-1ST:USE DANGER INSTRMT |
| #02 | No | PL 205.30 | M | A | 1 | RESISTING ARREST |
| #03 | No | PL 265.01 01 | M | A | 1 | CRIM POSS WEAP-4TH:FIREARM/WEP |
| #04 | No | PL 165.40 | M | A | 1 | CRIM POSSESSION STOLN PROP-5TH |
| #05 | No | PL 220.03 | M | A | 1 | CRIM POSS CONTRL SUBST-7TH |

---

| How Arrest came about: | | # Injuries: 00 | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: | |
|---|---|---|---|---|---|---|---|
| Blood Specimen Taken: | Blood Specimen Refused: | Urine Specimen Taken: | Urine Specimen Refused: | Oral Fluid Specimen Taken: | Oral Fluid Specimen Refused: | Breath Sample Refused: | Breath Sample Reading: | BrAC: 0.0 |
| Role: IDTU Technician | Department: NYPD | Tax: 0 | Command: | Shield: 0 | Rank: | Last Name: | First Name: MI: | IDTU/Blood Case No: |
| Role: Point Person | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: MI: | |
| Role: Supv In Charge of Checkpoint | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: MI: | |

---

**DETAILS:**   Arrest #: **M19613294**

AT T/P/O PERP DID ENTER LISTED COMMERCIAL ESTABLISHMENT AND DISPLAYED A KNIFE AT AN EMPLOYEE STATING "DONT COME NEXT TO ME OR ELSE ILL POKE YOU". PERP THEN PLACED LISTED ITEMS WITH A TOTAL VALUE OF 94.34 USC IN A RED PLASTIC BAG AND FLED LOCATION. CANVASSED WITH POSITIVE RESULTS, UPON BEING STOPPED BY PD, PERP FLAILED ARMS AND LEGS AND REFUSED TO BE PLACED INTO HANDCUFFS. SHOW UP CONDUCTED ON SCENE WITH POSITIVE RESULTS. SILA, ALLEGED CRACK/ COCAINE AND CRACK PIPE. LOST AND STOLEN REPORT COMPLETED. SGT ON SCENE.

---

## DEFENDANT: RICHARDSON, DEWAYNE   NYSID #: 07324739Y   Arrest #: M19613294

| Nick/AKA/Maiden: | Height: **5FT 10IN** | Order Of Protection: **NO** |
|---|---|---|
| Sex: **MALE** | Weight: **185** | Issuing Court: |
| Race: **BLACK** | Eye Color: **BROWN** | Docket #: |
| Age: **46** | Hair Color: **UNKNWN** | Expiration Date: |
| Date Of Birth: **12/02/1972** | Hair Length: **BALD** | Relation to Victim: **STRANGER** |
| U.S. Citizen: **NO** | Hair Style: **BALD** | Living together: **NO** |
| Place of Birth: **USA** | Skin Tone: **MEDIUM** | Can be identified: **YES** |

Exhibit - E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 31

-------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

       -against-                             DECISION AND ORDER
                                            Ind. No. 118/2019

DEWAYNE RICHARDSON,

                                Defendant

-------------------------------------------------------------x

DIANE KIESEL, J.

       The defendant filed an omnibus motion asking the Court to inspect the Grand Jury minutes, release them to the defendant, and dismiss or reduce the indictment.  The defendant has also requested the Court compel a Bill of Particulars and discovery.  The defendant has further requested the Court suppress physical evidence, identification testimony, and statement testimony.  In the alternative, the defendant has requested the Court order hearings pursuant to *Dunaway v. New York*, 442 U.S. 200 (1979), *Mapp v. Ohio*, 367 U.S. 643 (1961), *United States v. Wade*, 388 U.S. 218 (1967), and *People v. Huntley*, 15 N.Y.2d 72 (1965).  Last, the defendant has requested the Court preclude evidence of his prior bad acts pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974).

       The People filed a response consenting to the Court's inspection of the Grand Jury minutes and opposing their release to the defendant.  The People have also responded to the defendant's motion to compel a Bill of Particulars and discovery.  The People have opposed suppression of statements, identification testimony, and physical evidence.  The People have requested a hearing pursuant to *Sandoval* be deferred to the trial court and affirmed they would provide notice of prior bad acts pursuant to Section 240.43 of the Criminal Procedure Law.  Finally, the People used their response to serve an untimely demand for alibi notice pursuant to Section 250.20 of the Criminal Procedure Law.

       **The defendant's motion to dismiss the indictment is granted, with leave to the People to re-present the matter to a new Grand Jury.**  The prosecutor's examination of the defendant before the Grand Jury devolved into an extended and argumentative cross-examination. *People v. Ellis*, 94 A.D.2d 652, 653 (1st Dept. 1983) (prosecutor's persistent, argumentative cross-examination was improper and may infect jury's consideration of merits).  The prosecutor inappropriately compelled the defendant several times to characterize the People's witnesses as liars. *People v. Galloway*, 54 N.Y.2d 396, 400 (1981) (prosecutor's attempts to raise spectre of police perjury would be serious aberration); *People v. Ortiz*, 207 A.D.2d 279 (1st Dept. 1994) (prosecutor's request for defendant's opinion of testimony of other witnesses particularly egregious when it entices defendant into characterizing that testimony as lies); *Ellis*, 94 A.D.2d at 652 (prosecutor's eliciting answers from defendant that other witnesses were lying was improper).  This line of questioning unfairly shifted the burden to the defendant and was particularly harmful because no instruction was given explaining that the burden of proof never shifts to the defendant. *See In re Report of Tenth Special April-May 1994 Grand Jury*, 233 A.D.2d 111, 112 (1st Dept.

1996) (where defendant testifies before Grand Jury it should be instructed that burden of guilt never shifts from People).

The prosecutor's reference to the content of a 911 call that was not in evidence was also error. *People v. Duncan*, 13 N.Y.2d 37, 41 (1963) (cross-examination of defendant that assumes facts not in evidence is error); *People v. Rowley*, 127 A.D.3d 884, 885 (2d Dept. 2015) (prosecutor improperly functioned as unsworn witness during cross-examination of defendant).

The prosecutor exercised no discretion when inquiring into the defendant's criminal history.  He elicited a 22-year-old conviction for Attempted Robbery in the Third Degree. *Sandoval*, 34 N.Y.2d at 376-77 (1974) (lapse of time affects materiality of previous conduct; cross-examination regarding similar crimes or conduct is highly prejudicial).  While inquiring about a 10-year-old conviction for Assault in the Second Degree, he attempted to elicit facts underlying that case that also supported the crime of Robbery in the First Degree.  The prosecutor lacked a good faith basis to make such an inquiry because while the defendant was indicted for Robbery in the First Degree, he was not convicted of that crime following a jury trial.  *See People v. Santiago*, 15 N.Y.2d 640 (1964) (defendant cannot be cross-examined regarding crime for which he was tried and acquitted); *People v. Vidal*, 26 N.Y.2d 249, 253 (1970) (dismissal on merits tantamount to acquittal for purposes of later cross-examination); *People v. Parsons*, 6 A.D.3d 364, 365 (1st Dept. 2004) (acquittal negates good faith and basis in fact requirements for inquiry into underlying facts).  *See also Sandoval*, 34 N.Y.2d at 377 (1974) (cross-examination regarding similar crimes or conduct is highly prejudicial).

While the evidence before the Grand Jury was legally sufficient, such that these errors, individually, would not warrant the extraordinary remedy of dismissal, their cumulative effect was to impair the integrity of the Grand Jury proceedings and prejudice the defendant. *See People v. Huston*, 88 N.Y.2d 400 (1996) (dismissal warranted where prosecutorial wrongdoing or errors potentially prejudice Grand Jury); *Ellis* 94 A.D.2d at 653 (combined effect of errors sufficiently prejudicial to impinge defendant's rights).  The risk of prejudice was particularly great under these circumstances because the Grand Jurors expressed significant doubts regarding particular elements of the charged crimes.  The prosecutor inappropriately attempted to assuage those doubts by twice instructing the Grand Jury that the decision to indict would be reviewed by a judge and that the defendant and his attorney would have the opportunity to make motions as to the evidence presented. The wording of these instructions, and the circumstances of their delivery, invited the Grand Jury to abdicate its responsibility as sole judge of the facts and guardian against unfounded accusations.  C.P.L. § 190.25(5); *People v. Pelchat*, 62 N.Y.2d 97, 104 (1984) (Grand Jury functions to insulate innocent from governmental excesses).  The People are reminded their role in the Grand Jury is not only to obtain indictments but to insure justice is done. *Huston*, 88 N.Y.2d at 406.  *See also*, *United States v. White*, 486 F.2d 204 (2d Cir. 1973) ("A prosecutor's performance, aimed at justice and not a conviction, must reflect self-discipline.")

In light of the Court's ruling on the defendant's motion to dismiss, his other motions are deferred pending the People's re-presentation to the Grand Jury.

This constitutes the Decision and Order of the Court.

DATED:  July 8, 2019
         New York, New York

_____
Diane Kiesel, Acting Supreme Court Justice

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received. Malicious Arrest

false imprisonment, deliberate hardship, Violation of 14th Amendment, falsifying state Document's, Pain and suffering, mental and Physical, Police Brutality, which has couse P.t.S.D toward's officer's, Slander and, or Defamation Sixth Amendment Violation, abuse of Power, Malicious Abuse of Process

**VI. RELIEF**

State briefly what money damages or other relief you want the court to order.

Plaintiff will settle all claim's against the Defendant, for the sum of 45,000,000, and this claim for 15,500,000. Plus Plaintiff would like to be release from the false charges And A Auto-protection, taken out against the defendant's claim No'# 17-CV-8622, 2019PI016977, 2019PI011745, 2020PI005602, Plaintiff would Also like any and All felonys, Past 10 Year's or more, Expunged from records

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

5/26/20
**Dated**

D. Richardson
**Plaintiff's Signature**

Dewayne
**First Name**                                      **Middle Initial**

Richardson
**Last Name**

09-09 Hazen St
**Prison Address**

East Elmhurst                           N.Y.                           11370
**County, City**                              **State**                     **Zip Code**

Date on which I am delivering this complaint to prison authorities for mailing: 5/29/20

Dewayne Richardson
359-19-
09-09 HAZEN
East Elmhurst N.Y. 11370

To: Pro-se intake unit
Southern District of N.Y.
~~Pe~~arl Street Suite 400
~~Yo~~rk N.Y. 10007

RECEIVED
SDNY PRO SE OFFICE
2020 AUG 20 PM 2: 36



U.S. POSTAGE PAID
FCM LG ENV
ELMHURST, NY
11373
AUG 15, 20
AMOUNT
$8.40
R2304H108136-14

1000    10007

CERTIFIED MAIL

7019 2970 0001 4045 7191



~~Legal~~ mail