```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/22/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DeWAYNE RICHARDSON,

                    Plaintiff,

-against-

RUFIAN ARSHAD, et al.,

                    Defendants.

20-CV-5068 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

    Plaintiff, currently held in the Anna M. Kross Center on Rikers Island, filed this *pro se* action in which he alleges that the defendants illegally arrested him and violated his federal constitutional rights. (Doc. 2.) Plaintiff sued Police Officer Rufian Arshad, Assistant District Attorney Michael Perez, the City of New York, and the State of New York. (*Id.*) On August 4, 2020, I dismissed Plaintiff's claims against all Defendants save for Defendants Arshad and the City of New York. (Doc. 7.)

    On August 25, 2020, the City of New York moved to stay this action in light of (1) an ongoing Civilian Complaint Review Board ("CCRB") proceeding into the same arrest of Plaintiff that is at issue in this action; and (2) an ongoing criminal proceeding in New York Supreme Court against Plaintiff that began with an indictment stemming from that same arrest. (Doc. 12; *see also* Doc. 25 at 1 (explaining that the criminal proceeding was still ongoing as of April 28, 2021).)

    "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (collecting cases). It is within the "sound discretion" of a district court to stay a civil matter and only "proceed[]" once a related

criminal matter is resolved.  *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (affirming stay entered "until the U.S. Attorney declined to prosecute").  "In exercising that discretion, courts look to six factors:  (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest."  *Bristol v. Nassau Cty.*, No. CV08-3480JFBWDW, 2010 WL 1660238, at *1 (E.D.N.Y. Apr. 22, 2010) (citation omitted).

In this action, I find that the relevant factors favor a stay.  First, this action challenges the constitutionality of the same arrest for which the Plaintiff is being prosecuted.  (Doc. 12 at 3.)  *Cf. Bristol*, 2010 WL 1660238, at *1 ("Bristol's conviction in the state criminal action, if upheld on appeal, will bar his false arrest and malicious prosecution claims.").  Second, Plaintiff has already been indicted, and "[t]he existence of an indictment generally favors the granting of a stay in a related civil proceeding." *Johnson v. N.Y. City Police Dep't*, No. 01CIV.6570(RCC)(JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003).  "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." *Id*.  Third, it is in the interests of both the federal and state court systems, as well as in the public interest, to stay this action, because (as is often true in civil actions that parallel ongoing criminal proceedings), "a conviction in the criminal action [may] negate some or all of the plaintiff's claims" and "may make future civil discovery more efficient since transcripts from the criminal case would be available." *Id.*; *see Volmar Distributors, Inc. v.*

*N.Y. Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (granting stay where "evidence presented at the criminal trial may obviate the need for document production and depositions, and would substantially reduce both plaintiffs' and defendants' litigation costs").  Fourth, the City of New York explains that the attorney representing it in this action will be able also to represent Defendant Rashad once the CCRB proceeding ends, but not before.  (Doc. 12 at 2.)  A stay would thus reduce burdens on Defendants and be more efficient.

Finally, Plaintiff concedes that he would suffer no prejudice from a stay:  his only argument as to why this action should not be stayed pending completion of the CCRB and criminal proceedings is that "a stay . . . will not change" his arguments as to the illegality of his arrest and the criminal processes employed against him.  (Doc. 13).  In other words, whether now or later, Plaintiff intends to proceed with the same theory of the case.

\* \* \*

Accordingly, this action is hereby stayed.  The parties shall file letters on or before September 1, 2021, advising me as to the status of the CCRB and criminal proceedings.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff.  The Court also directs the Clerk of Court to close the gavel at Docket No. 12.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 22, 2021
        New York, New York

_____
Vernon S. Broderick
United States District Judge