```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DEWAYNE RICHARDSON,                                         :
                                                            :
                          Plaintiff,                        :
                                                            :           20-CV-5068 (VSB)
              - against -                                   :
                                                            :               **ORDER**
                                                            :
RUFIAN ARSHAD, *et al.*,                                    :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

In this pro se action, Plaintiff alleges that Defendants illegally arrested him on March 23, 2019, and violated his constitutional rights.  (*See* Doc. 11.)  On July 22, 2021, I stayed the action pending the resolution of Plaintiff's state criminal proceedings relating to the arrest.  (Doc. 27.)  The parties then periodically filed joint letters informing me of the status of the state case.  (*E.g.*, Doc. 66.)  On November 6, 2023, interested party the Office of the Corporation Counsel of the City of New York (the "Corporation Counsel"), on behalf of Defendants, informed me that it had been unable to contact Plaintiff.  (Doc. 71.)

On February 16, 2024, I ordered Plaintiff to provide the Court with an up-to-date mailing address by March 1, 2024.  (Doc. 78.)  Since then, Plaintiff has not provided an updated address, and the Corporation Counsel has been unable to contact Plaintiff to confer regarding Plaintiff's underlying criminal case.  (Doc. 92.)  The Pro Se Information Packet warned Plaintiff that his failure to notify the Court of a change in address could result in dismissal of his case.  (*See* Doc. 8 at 1.)  Courts routinely dismiss pro se claims for the plaintiff's failure to provide the court with

1

an updated mailing address. *See, e.g.*, *Bezares v. Buyk Corp.*, 22-CV-7034 (S.D.N.Y. Jul. 16, 2024), ECF No. 12; *Lassiter v. Okene*, 22-CV-9561 (S.D.N.Y. Oct. 10, 2023), ECF No. 23.

On November 25, 2024, I ordered Plaintiff to file a letter informing the Court of any new address by January 24, 2025.  (Doc. 93.)  I warned Plaintiff that if he failed to file such a letter or otherwise demonstrate an intent to prosecute this action, I would dismiss the case pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.*)  To date, Plaintiff has not responded in any way to my November 25, 2024 order and has not otherwise demonstrated an intent to prosecute this action.

Accordingly, it is hereby ORDERED that this action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated: February 7, 2025
     New York, New York

Vernon S. Broderick
United States District Judge